# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REALTIME DATA, LLC., d/b/a IXO<br><br>               Plaintiff,<br><br>  v.<br><br>ARRAY NETWORKS INC.,<br><br>               Defendant. | C.A. 17-800-CFC |
| REALTIME DATA, LLC., d/b/a IXO<br><br>               Plaintiff,<br><br>  v.<br><br>SPECTRA LOGIC CORPORATION,<br><br>              Defendant. | C.A. 17-925-CFC |
| REALTIME DATA, LLC., d/b/a IXO<br><br>               Plaintiff,<br><br>  v.<br><br>FORTINET, INC.,<br><br>              Defendant. | C.A. 17-1635-CFC |

1303295.v1

- 2 -

| | |
|---|---|
| REALTIME DATA, LLC., d/b/a IXO<br><br>              Plaintiff,<br><br>   v.<br><br>REDUXIO SYSTEMS, INC.,<br><br>              Defendant. | C.A. No. 17-1676-CFC |
| REALTIME DATA, LLC., d/b/a IXO<br><br>              Plaintiff,<br><br>   v.<br><br>SOFTNAS, INC.,<br><br>             Defendant. | C.A. No. 18-1199-CFC |
| REALTIME DATA, LLC., d/b/a IXO<br><br>              Plaintiff,<br><br>   v.<br><br>PANZURA, INC.,<br><br>             Defendant. | C.A. No. 18-1200-CFC |

| | |
|---|---|
| REALTIME DATA, LLC., d/b/a IXO<br><br>                Plaintiff,<br><br>   v.<br><br>CTERA NEWORKS, LTD.,<br><br>                Defendant. | C.A. No. 18-2017-CFC |
| REALTIME DATA, LLC., d/b/a IXO<br><br>                Plaintiff,<br><br>   v.<br><br>QUEST SOFTWARE, INC.,<br><br>                Defendant. | C.A. 18-1964-CFC |
| REALTIME DATA, LLC., d/b/a IXO<br><br>                Plaintiff,<br><br>   v.<br><br>ARYAKA NETWORKS, INC.,<br><br>Defendant. | C.A. No. 18-2062-CFC |

- 4 -

| | |
|---|---|
| REALTIME DATA, LLC., d/b/a IXO<br><br>    Plaintiff,<br><br> v.<br><br>NIMBUS DATA, INC.,<br><br>    Defendant. | C.A. 19-279-CFC |
| REALTIME DATA, LLC., d/b/a IXO<br><br>    Plaintiff,<br><br> v.<br><br>OPEN TEXT, INC.,<br><br>    Defendant. | C.A. 19-394-CFC |
| REALTIME DATA, LLC., d/b/a IXO<br><br>    Plaintiff,<br><br> v.<br><br>MONGODB, INC.,<br><br>    Defendant. | C.A. 19-492-CFC |

| | |
|---|---|
| REALTIME DATA, LLC., d/b/a IXO<br><br>        Plaintiff,<br><br>  v.<br><br>KAMINARIO, INC.,<br><br>        Defendant. | C.A. 19-350-CFC |
| REALTIME DATA, LLC., d/b/a IXO<br><br>        Plaintiff,<br><br>  v.<br><br>EGNYTE, INC.,<br><br>        Defendant. | C.A. 20-1498-CFC |
| REALTIME DATA LLC d/b/a IXO,<br><br>        Plaintiff,<br><br>vs.<br><br>BUURST, INC. f//k/a SOFTNAS, INC.,<br><br>        Defendant. | C.A. No. 20-1497-CFC |

## JOINT STATUS REPORT

In advance of the February 12, 2021 status conference, and pursuant to the Court's Oral Order, the parties in the above-entitled actions respectfully provide the following status report:

**Plaintiff's Position**:

Plaintiff Realtime Data, LLC respectfully requests that any case listed above presently stayed as a result of the Court's prior ruling that the patents were invalid be lifted. Most of the cases previously had a scheduling Order in place (*see* C.A. 1:17-cv-00800-CFC, D.I. 35). However, some of the cases never had a scheduling order issued (*e.g.* CA 1:19-cv-00279), other cases were dismissed and re-filed pursuant to tolling agreements (*e.g.*, C.A. 1:20-cv-1498-CFC, C.A. 1:20-cv-1498-CFC), and at least one case was stayed prior to the Court's invalidity ruling for other reasons (C.A. 1:17-cv-00925-CFC). Realtime believes a single consolidated scheduling order should be set in all of the cases that is largely in keeping with the time frame set in the Court's Order, but includes time for the cases in which no Order was entered or which otherwise were not on that schedule to catch up. Realtime requests 14 days to meet and confer with Defendants and propose a consolidated schedule for the Court's consideration.

Defendants propose that the Court stay this action pending resolution of their various Rule 12 motions. The general practice in this District does not stay cases pending the outcome of Rule 12 motions. Realtime maintains that the various motions to dismiss lack merit, including for reasons articulated in the briefing on the various motions, and for reasons articulated in the majority and concurring opinions issued by the Federal Circuit in this matter. But as a general

matter, a further stay pending the various motions would constitute an unwarranted departure from general practices in this District. Realtime respectfully submits that the parties to these various cases should confer to propose a coordinated schedule to allow these cases to move forward efficiently.

**Defendants' Position**:

Defendants in the above-captioned actions (the actions collectively, the "Actions" and the parties collectively, the "Parties") respectfully submit that these cases should be stayed, or remain stayed, until final resolution of the motions to dismiss for patent ineligibility under 35 U.S.C. § 101 of U.S. Patents 7,415,530; 8,717,230; 9,054,728; 9,116,908, and 9,667,751 (collectively, the "Challenged Patents"), brought by Fortinet, Inc., Reduxio Systems, Inc., Aryaka Networks, Inc., and Panzura Inc. (the "Motions to Dismiss") including by this Court on remand from the U.S. Court of Appeals for the Federal Circuit, and any further appeals thereof. *See Realtime Data LLC v. Fortinet, Inc.*, No. 17-1635-CFC, D.I. 11 (D. Del. Feb. 20, 2018); *Realtime Data LLC v. Reduxio Systems, Inc.*, No. 17-1676-CFC, D.I. 9 (D. Del. Mar. 27, 2018); *Realtime Data LLC v. Aryaka Networks, Inc.*, No. 18-2062-CFC, D.I. 15 (D. Del. May 6, 2019);

*Realtime Data LLC v. Panzura Inc.*, No. 18-1200-CFC, D.I. 21 (D. Del. Feb. 15, 2019) (collectively, the "Remanded Actions").[1]

After extensive and thorough briefing by Appellees and Realtime, the Court conducted a hearing on July 19, 2019. At the conclusion of that hearing, the Court ruled that all claims of the Challenged Patents are invalid as patent ineligible. Realtime appealed. On October 23, 2020, the Federal Circuit issued an opinion vacating and remanding this Court's order on the Motions to Dismiss for further consideration. *Realtime Data LLC v. Reduxio Systems, Inc.*, 831 Fed. Appx. 482, 499 (Fed. Cir. Oct. 23, 2020). The opinion expressly stated that "[n]othing in [its] opinion should be read as opining on the relative merits of the parties' arguments or the proper resolution of the case." *Id*. at 499. Instead, the Federal Circuit reversed to allow "the district court to give additional

---

[1] There were no proceedings during the pendency of the Federal Circuit Appeal, however, there are a variety of different specific procedural postures among the cases. For example, the Remanded Actions were directly involved in the appeal, some cases were not involved directly in the appeal but were stayed pending the outcome of the appeal (the "Stayed Actions", C.A. Nos. 17-800-CFC; 17-925-CFC; 18-1964-CFC; 18-2017-CFC; 19-297-CFC; 19-350-CFC; 19-394-CFC; and 19-492-CFC) or pending the resolution of other dispositive motions (17-925-CFC) (*infra* n.3), and some cases were dismissed without prejudice pending the Federal Circuit's decision and were re-filed by Plaintiff following the Federal Circuit's remand (the "Re-filed Actions," C.A. Nos. 20-1497-CFC and 20-1498-CFC). Defendants in all cases request that their cases be or remain stayed pending a ruling by this Court on the Motions to Dismiss regardless of the particular procedural posture of their individual cases.

consideration to the eligibility question and elaborate on its reasoning." *Id.* at 496.

The Actions all involve patent claims brought by Realtime Data, LLC ("Realtime") regarding various combinations of patents, all of which are either Challenged Patents, or patents related to them. The Actions that were not part of the appeal were initially stayed or dismissed without prejudice by stipulation to preserve the resources of the Court and parties while the patent-eligibility of the Challenged Patents were fully litigated and finally resolved. This rationale continues to apply in full force.[2] Given the Federal Circuit's order, the validity of the Challenged Patents have not yet been fully resolved, and thus the Parties believe that the cases should be or remain stayed pending resolution of the § 101

---

[2] In the *Realtime Data v. Kaminario* case, 19-cv-350, Kaminario moved to dismiss the three patents in that lawsuit (one of which overlaps the Challenged Patents, the other two of which are related to the Challenged Patents) under 35 U.S.C. § 101. D.I. 12. After Kaminario filed its motion to dismiss in light of Section 101, Realtime Data filed an amended complaint, purporting to recite additional facts it later contended would make the patents survive a Section 101 challenge. D.I. 18. Kaminario then refiled its motion to dismiss. D.I. 23. That motion is fully briefed. D.I. 24, 33, 34. Kaminario agrees that the Stayed Actions should continue to be stayed for the reasons stated herein, but if the Court intends to unstay the Stayed Actions, Kaminario requests the Court rule on its pending Section 101 motion prior to further action in the Kaminario case. Similarly, in *Realtime Data, LLC v. Quest Software, Inc.*, No. 18-cv-1964, a motion to dismiss based on a licensing defense was fully briefed at the time of the stay. Quest agrees that the Stayed Actions should continue to be stayed for the reasons stated herein, but if the Court intends to unstay the Stayed Actions, Quest requests the Court rule on its pending motion to dismiss prior to further action in the Quest case.

issues. Accordingly, the Defendants respectfully request that the Court decline Plaintiff's request to initiate scheduling procedures, and instead stay all of the Actions until resolution of the Motions to Dismiss by a final un-appealed and unappealable order.[3,4]

---

[3] The Court stayed the case against Spectra Logic (C.A. No. 17-925) pending the resolution of its non-101 motion to dismiss. (*Id.*, D.I. 57 (stay order), D.I. 44 (motion)). Spectra Logic's motion to dismiss, which remains pending before the Court, avers that Realtime failed to state a claim against Spectra Logic. In short, Realtime's claims of infringement against Spectra Logic are centered on a so-called "joint solution" by Spectra Logic and former defendant Commvault Systems, Inc. ("Commvault"). Realtime dismissed its case against Commvault with prejudice in 2018 (*id.*, D.I. 38), and there are no allegations of infringement by any Spectra Logic product alone. (*id.*, D.I. 44 (citations omitted)). While Spectra Logic joined in the codefendants' 101 motion (*id.*, D.I. 41) and joins the request to continue the stay of all related actions for the reasons stated herein, Spectra Logic further respectfully requests that the Court deny Realtime's request to disrupt the unopposed stay pending the Court's resolution of the non-101 motion (*id.*, D.I. 57). C.A. No. 17-925 should remain stayed regardless of the Court's decision concerning the schedules in the other cases.

[4] Defendant Aryaka Networks further notes that its motion to dismiss and supporting papers (No. 18-2062-CFC, D.I. 15-16) also sought dismissal of Plaintiff's claims for infringement of U.S. Patent No. 9,054,728 on additional grounds – namely, that because the '728 patent expired prior to suit, Plaintiff's failure to plead that it had complied with its obligations under 35 U.S.C. § 287(a) mandates dismissal of its claims for infringement thereof. Aryaka joins the request to continue the stay of all Actions for the reasons stated herein, and further respectfully requests that, in the event that the Court were to permit the Actions to proceed, the Court should rule on its additional basis for dismissal, which would significantly affect the scope of the case.

| | |
|---|---|
| Date: February 9, 2021 | Respectfully submitted: |
| BAYARD, P.A. | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| */s/ Stephen B. Brauerman* <br> Stephen B. Brauerman (No. 4952) <br> Ronald P. Golden III (No. 6254) <br> 600 N. King Street, Suite 400 <br> P.O. Box 25130 <br> Wilmington, Delaware 19801 <br> (302)655-5000 <br> sbrauerman@bayardlaw.com <br> rgolden@bayardlaw.com | */s/ Robert M. Vrana* <br> Rolin P. Bissell (No. 4478) <br> Robert M. Vrana (No. 5666) <br> Rodney Square <br> 1000 N. King Street <br> Wilmington, DE 19801 <br> (302) 571-6600 <br> rbissell@ycst.com <br> rvrana@ycst.com |
| Marc A Fenster <br> Reza Mirzaie <br> Paul A. Kroeger <br> RUSS AUGUST & KABAT <br> 12424 Wilshire Boulevard, 12th <br> Los Angeles, CA 90025 <br> (310) 826-7474 <br> mfenster@raklaw.com <br> rmirzaie@raklaw.com <br> pkroeger@raklaw.com | Hilary L. Preston (*pro hac vice*) <br> Vinson & Elkins LLP <br> 1114 6th Ave. 32nd Floor <br> New York, NY 10036 <br> hpreston@velaw.com |
| | Parker D. Hancock (*pro hac vice*) <br> Vinson & Elkins LLP <br> 1001 Fannin St. <br> Houston, TX 77006 <br> phancock@velaw.com |
| *Attorneys for Plaintiff Realtime Data, LLC* | *Attorneys for Defendant MongoDB Inc.* |
| | POTTER ANDERSON & CORROON LLP |
| | */s/ Stephanie E. O'Byrne* <br> David E. Moore (#3983) <br> Bindu A. Palapura (#5370) <br> Stephanie E. O'Byrne (#4446) <br> Hercules Plaza, 6th Floor <br> 1313 N. Market Street |

Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*OF COUNSEL:*

Robert E. Purcell
The Law Office of Robert E. Purcell, PLLC
211 West Jefferson Street, Suite 24
Syracuse, NY 13202
Tel: (315) 671-0710

*Attorneys for Defendant Spectra Logic Corporation*

POTTER ANDERSON & CORROON LLP

 <u>/s/ Bindu A. Palapura</u>
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Alan R. Silverstein (#5066)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
asilverstein@potteranderson.com

*OF COUNSEL:*

Timothy Carroll
DENTONS US LLP
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606-6361
Tel: (312) 876-8000

Manny J. Caixeiro
Katherine R. McMorrow
DENTONS US LLP
601 S. Figueroa St., Suite 2500
Los Angeles, CA 90017-5704
Tel: (213) 623-9300

Steve Sprinkle
Scott Crocker
SPRINKLE IP LAW GROUP
1301 W. 25th Street, Suite 408
Austin, TX 78705
Tel: (512) 637-9220

*Attorneys for Defendant Open Text, Inc.*

MORRIS, NICHOLS, ARSHT &
TUNNELL LLP

*/s/ Brian P. Egan*
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com
OF COUNSEL:

Brian E. Mitchell
MITCHELL & COMPANY
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
(415) 766-3515

*Attorneys for Defendant Panzura, Inc.*

MORRIS, NICHOLS, ARSHT &
TUNNELL LLP

*/s/ Brian P. Egan*
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

OF COUNSEL:

John (Jay) Neukom
Skadden, Arps, Slate, Meagher &
Flom LLP
525 University Avenue
Palo Alto, CA 94301
(650) 470-4500

Douglas R. Nemec
Skadden, Arps, Slate, Meagher &
Flom LLP
One Manhattan West
New York, New York 10001
(212) 735-3000

*Attorneys for Defendant Fortinet, Inc.*

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Robert M. Vrana*
Adam W. Poff (No. 3990)
Robert M. Vrana (No. 5666)
Rodney Square
1000 N. King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
rvrana@ycst.com

*Attorneys for Defendant Nimbus Data, Inc.*

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Renée M. Delcollo (#6442)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
delcollo@rlf.com

*Attorneys for Defendant Kaminario, Inc.*

OF COUNSEL:

Richard G. Frenkel
Lisa K. Nguyen
Latham & Watkins LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600

ASHBY & GEDDES

*/s/ Andrew C. Mayo*
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorney for Ctera Networks, Ltd.
and Reduxio Systems, Inc.*

OF COUNSEL*:*

Guy Yonay
Pearl Cohen Zedek Latzer
Baratz LLP
Times Square Tower
7 Times Square
New York, NY 10036
(646) 878-0800
GYonay@PearlCohen.com


POLSINELLI PC

*/s/ Stephen J. Kraftschik*
Stephen J. Kraftschik (#5623)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
skraftschik@polsinelli.com

*Attorneys for Buurst, Inc.*

- 16 -

OF COUNSEL

Melvin A. Todd
Matthew R. Frontz
POLSINELLI PC
1000 Louisiana Street, Suite 6400
Houston, TX 77002
Telephone: (713) 374-1600
Facsimile: (713) 374-1601
mtodd@polsinelli.com
mfrontz@polsinelli.com

MORRIS JAMES LLP

*/s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com

OF COUNSEL:

Joshua M. Masur
ZUBER LAWLER & DEL DUCA LLP
2000 Broadway Street, Suite 154
Redwood City, CA 94063
(650) 434-8538
jmasur@zuberlawler.com

*Attorneys Defendant Aryaka Networks, Inc.*

FISHER BROYLES LLP

*/s/ Carl D. Neff*
Carl D. Neff (No. 4895)
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Tel: (302) 482-4244

carl.neff@fisherbroyles.com

OF COUNSEL:

Ryan T. Beard
FISHER BROYLES, LLP
100 Congress Avenue, Suite 2000
Austin, Texas 78701
ryan.beard@fisherbroyles.com

*Attorneys for Defendant Egnyte, Inc.*

BUCHANAN INGERSOLL &
ROONEY PC

*/s/ Geoffrey Grivner*
Geoffrey Grivner (DE Bar No. 4711)
919 North Market Street, Suite 990
Wilmington, DE 19801
(302) 552-4207
Geoffrey.grivner@pibc.com

OF COUNSEL:

S. Lloyd Smith
James T. Wilcox
BUCHANAN INGERSOLL &
ROONEY PC
1737 King Street, Suite 500
Alexandria, VA 22314-2727
(703) 838-6514
lloyd.smith@bipc.com
james.wilcox@bipc.com

*Attorneys for Defendant Array
Networks, Inc.*

K&L GATES LLP

*/s/ Steven L. Caponi*
Steven L. Caponi (No. 3484)
Matthew B. Goeller (No. 6283)
600 N. King Street, Suite 901
Wilmington, DE 19801
(302) 416-7080
Steven.caponi@klgates.com
Matthew.goeller@klgates.com

OF COUNSEL:

Theodore J. Angelis
Elizabeth J. Weiskopf
Nicholas F. Lenning
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
(206) 623-7580
theo.angelis@klgates.com
elizabeth.weiskopf@klgates.com
nicholas.lenning@klgates.com

*Attorneys for Defendant Quest Software Inc.*