# EXHIBIT 1

Comparison From *Kaminario*, D.I. 31, §§ IV.B.4, IV.C
To D.I. 91, §§ III.B.6, III.C

4<ins>6</ins>. **Defendant has not clearly and convincingly shown that *all* of the claims are ineligible**

Defendant's ~~motion should be denied also because it provides no~~ <ins>fail to meet their burden to establish by</ins> clear and convincing evidence that ***all*** of the claims of the asserted patents (totaling ~~100~~ <ins>211</ins> claims across three different, unrelated patents) are ineligible. Defendant<ins>s</ins> merely ~~recites~~ <ins>call out</ins> some of the limitations of ~~the~~ <ins>a few</ins> dependent claims and provide<ins>s</ins> conclusory attorney argument that they ~~"recite only insignificant limitations" and "likewise add no inventive concept." (Mot. at 21, 26.)~~ <ins>are not unconventional or provide only "meaningless distinctions." (*See, e.g.*, MOT. At 17, 21, 24, 27.).</ins> This is <ins>an</ins> improper <ins>analysis for the reasons discussed above</ins>. ~~"The inventive concept inquiry requires more than recognizing that each claim element, by itself, was known in the art." *Bascom,* 827 F.3d at 1350.~~ And regardless, Defendant's attorney argument is insufficient to establish that the claims are directed to unconventional means. *MAZ Encryption,* 2016 WL 5661981, at *5. Defendant has not shown and cannot show that all ~~100~~ <ins>211</ins> patent claims are ineligible under any standard, let alone the heightened standard on a motion to dismiss.~~12~~

---

~~12 The claims unaddressed by Defendant provide numerous other limitations and combinations, including, for example, "data descriptors," "disk interface," "dictionary compression," "serial configuration," "real-time," "TCP/IP," "UDP Packets," "packetized~~

~~The cases cited by Defendant (e.g., *BSG, Content Extraction, RecogniCorp,* and *Two-Way Media*) are inapposite for the reasons discussed above. Whereas the patents in each of Defendant's cited cases are more generally directed to collecting and organizing data and do not improve computer functionality, it is clear here that the asserted patents claim unconventional solutions to problems in the realm of digital data compression.~~

### C. As Set Forth in Realtime's Complaint, Proper Construction of the Claims Confirms that the Claims Are Patent Eligible Under § 101

Realtime's amended complaint**s** offer**s** the following fact-based claim constructions that confirm that the solutions claimed in the asserted patents do not just cover any form of digital data compression techniques, but instead are more focused and cover**s** a technical sub-species of digital data compression:

- ~~"compressing" / "compressed" / "compression": [representing / represented / representation of] data with fewer bits~~
- ~~"descriptor": recognizable digital data~~
- ~~"data stream": one or more data blocks transmitted in sequence~~
- ~~"data block": a single unit of data, which may range in size from individual bits through complete files or collection of multiple files~~
- ~~"analyze": directly examine~~

~~(D.I. 18 ¶ 9.)~~ *(See, e.g.,* D. I. 53 ¶¶ 10, 79, 117).

---

~~data stream," "lossless" encoders, "synchronization point," "default data compression," and numerous other limitationsarranged and combined in specific claimed ways. (*See* '825, '751, and '458 claims.)~~

Prior constructions in earlier cases ~~involving patents related to the '458, '751 and '825 patents~~ further confirm that the claimed methods and systems are in fact limited to the compression of digital data. For example, pursuant to a stipulation, a Texas court construed the term "compress"—a term used in all patents—to mean "represent data with fewer bits." ~~(*Realtime Data LLC v. Actian Corp.*, No. 15-cv- 463-RWS-JDL, D.I. 362 (E.D. Tex. July 28, 2016).)~~ *(Id.* ¶ 11) This construction confirms that the claimed inventions are limited to the realm of digital-data compression, as a "bit" is a unit of digital data. ~~The c~~Constructions of other claim terms, such as "data block" and "accelerator" also confirm that the patented inventions are unique to the compression of digital data. *(Id.* ). ~~For example, the plain and ordinary meaning of the term "data block" was stipulated to be "a single unit of data," which may only "range in size from individual bits through complete files or collection of multiple files." *Id.*~~

Indeed, ~~A~~at least one court has specifically ruled that if Realtime's "construction of the claims at issue prevails, the patents are more analogous to those in *DDR Holdings* because they provide technological solutions to problems arising specifically in the realm of computer technology," and, therefore, any "argument that the patents are directed to an abstract idea would fail." ~~(Ex. 3 at 2.)~~ (*Kaminario*, D.I. 32-3 at 2.) The same conclusion is equally appropriate here. Under ~~the foregoing~~ Realtime's proposed constructions, which must be accepted

~~as true on a motion to dismiss~~, it is clear that that asserted patents are eligible under § 101. At minimum, they present fact issues that preclude dismissal ~~at the pleading stage.~~